O’Malley, Circuit Judge,
dissenting.
Because the Board based its factual findings on an inadequate record, I dissent from today’s judgments. Although there is no per se requirement that the Board rely on expert testimony to reach a finding of invalidity, this court has long recognized that “ ‘expert testimony regarding matters beyond the comprehension of laypersons is sometimes essential,’ particularly in cases involving complex technology.” Wyers v. Master Lock Co., 616 F.3d 1231, 1240 n.5 (Fed. Cir. 2010) (quoting Centricut, LLC v. Esab Grp., Inc., 390 F.3d 1361, 1369-70 (Fed. Cir. 2004)); see also Perfect Web Techs., Inc. v. InfoUSA, Inc., 587 F.3d 1324, 1330 (Fed. Cir. 2009) (“If the relevant technology were complex, the court might require expert opinions.”); Proveris Sci. Corp. v. Innovasystems, Inc., 536 F.3d 1256, 1267 (Fed. Cir. 2008) (affirming the district court’s requirement of expert testimony to prove invalidity where “th[e] subject matter [wa]s sufficiently complex to fall beyond the grasp of an ordinary layperson”).
This matter is not, as Apple suggests, the exceptional case in which “ ‘the references and the invention are easily understandable,’” such that “Board members, because of expertise, may ... find it easier to understand and soundly explain the teachings and suggestions of prior art without expert assistance.” Belden v. Berk-Tek LLC, 805 F.3d 1064, 1079 (Fed. Cir. 2015) (quoting Wyers, 616 F.3d at 1242). Belden, for example, involved only “a simple point in a mechanical field and one very close piece of prior art.” Id. at 1074. Here, the claims at issue cover more complex technology (establishing secure communications between multiple network *890 devices for video/audio data transmission) and the Board’s invalidity finding was premised on combinations of multiple pieces of prior art.
Indeed, Apple itself submitted over four hundred pages of expert testimony below in support of its invalidity contentions, apparently believing such a detailed record was necessary. It was only once its own expert’s testimony was proven unreliable that Apple switched gears and claimed that it had no obligation to present expert testimony. Apple first contends that the Board actually did rely on expert testimony to support its conclusions because it cited to admissions from VirnetX’s expert to support its conclusions. That argument is a nonstarter. Apple provides only a handful of examples on this point, covering a single factual finding, relevant to only one aspect of one of the two proceedings before us, a point Apple’s counsel conceded at oral argument. Oral Argument at 20:49-20:58, available at http://oralarguments. cafc,uscourts.gov/default.aspx?fl=2015-1934.mp3 (“The Board specifically referred to VirnetX’s expert on the issue of teaching away.... On some other issues, the Board found that VirnetX’s expert was not credible.”). The Board’s opinions, of course, go significantly farther than that single issue.
Apple next contends that the Board was free to reach conclusions about what one of skill in the art woulfl glean from the multiple prior art references at issue in the absence of expert testimony because it could rely on its own expertise to assess those references. That argument also fails. While it is certainly true, as the majority notes, that the Board’s expertise “plays a role in interpreting record evidence,” it may not act as a substitute for such evidence. Maj. Op. at 8 (quoting Brand v. Miller, 487 F.3d 862, 869 (Fed. Cir. 2007)). Where, as here, the technology at issue is complex, there are multiple prior art references that must be combined to support the Board’s invalidity conclusions, and there is substantial dispute regarding what one of skill in the art—at the relevant time frame—would have gleaned from those prior art references, the Board must point to actual evidence in the record to support its conclusions. It is telling that the Board’s conclusions precisely follow the conclusions' laid out in the lengthy expert testimony the Board claimed to ignore.
In particular, this case bears a striking resemblance to Brand, where the Board “rejected as unconvincing the only relevant testimony,” but nevertheless found that “one skilled in the art ... would have recognized” how certain elements depicted in the prior art could have been arranged to perform a claimed method. Brand, 487 F.3d at 870. Here, despite disclaiming any reliance on the only supporting expert testimony, the Board made findings as to what the prior art implies, suggests, and teaches towards (or away from), in addition to how certain terms or combinations of features “would have been understood by one of ordinary skill in the art.” Apple Inc. v. VirnetX Inc., No. IPR2014-00238, 2014 WL 1996380 at *3, 7-8, 14 (P.T.A.B. May 14, 2014); Apple Inc. v. VirnetX Inc., No. IPR2014-00237, 2014 WL 1995379 at *15-16, 19-20 (P.T.A.B. May 14, 2014). As in Brand, “the detailed nature of the findings that the Board found necessary to make demonstrates the inappropriateness of its approach”—it appears to have simply “substituted its own expertise for record evidence.” Brand, 487 F.3d at 870. Allowing the Board to continue this practice— disclaiming reliance on the only supporting expert testimony yet reaching the. exact same conclusions propounded therein— would only exacerbate the trend towards a “haze of so-called expertise” that this court and the Supreme Court have admonished against. Brand, 487 F.3d at 869 (quoting *891 Baltimore & Ohio R. R. Co. v. Aberdeen & Rockfish R. Co., 393 U.S. 87, 92, 89 S.Ct. 280, 21 L.Ed.2d 219 (1968)). Because there was inadequate competent evidence on the record to support the Board’s judgments, I would reverse.